DAWKINS, J.
Plaintiff applied to the court below and obtained a temporary writ of injunction restraining the defendant company and the mayor and commission council of the city of New Orleans from executing an agreement of exchange by which the city was to transfer to the Ruddock Orleans Cypress Oompany that portion of Stroelitz street between Dante and Dublin streets in said city, measuring 50 by 300 feet, for a strip of land of corresponding dimensions off of the north or lake side of square 579 immediately abutting on the south side the portion of said Stroelitz street thus proposed to be conveyed, and which would create a “jog,” as plaintiff terms it, in said street of some 50 feet. She alleges that under the laws and Constitution of the state the property of the streets of the city of New Orleans is vested in the inhabitants of said city, including petitioner ; that the prpposed exchange would deprive petitioner of her property right in said street, and would make it impossible for her to reach Carrolton avenue through the same without turning two right-angle corners, and would cause her property, consisting of several squares above said avenue, some of which front on said Stroelitz street, to depreciate in value to the extent of more than $2,000, that the mayor and council were without right or authority to pass the ordinance under which the proposed transfer and exchange are to be made, and would impair her vested rights and deprive her of her property without due process of law, in violation of the Constitution of the United States. She prayed that defendants be enjoined from carrying out the proposed exchange, and for damages in the sum of $250 as attorney’s fees.
The writ of injunction was granted on the 19th of March, 1920, and on the 22d of March the defendants made an ex parte application to the court below, and were permitted to dissolve said writ on executing bonds, each in the sum of $2,000. Thereupon plaintiff applied for a suspensive appeal from said order of dissolution, and, this having been refused, filed in this court the present proceeding for mandamus and prohibition to compel the granting of said appeal and to prohibit further action by the lower court pending our disposition of the case. A rule nisi was issued, staying proceedings by the lower court, and ordering it to show cause why said appeal should not be granted, and the case is now before us, together with the judge’s answer to the rule.
Opinion.
The respondent has excepted to the application for the writs on the ground that it does not show or allege that notice of the intention to apply therefor had been served upon him as required by the rules of this court.
The application filed here makes no reference whatever lo any notice having been given of the intention to do so, as required by *195 section 1 of rule 15 of this court (67 South, xi[1]), reading as follows:
“Section 1. No application for an original writ, such as mandamus, prohibition, certiorari, writ of review, or the like, or for a rule nisi in such case, shall be entertained by the court, or any of its members, unless previously filed and docketed in the clerk’s office, and unless previous notice of the intention to make such application shall have been given to the judge or judges of the inferior court, if he or they be made respondents, and to the opposing party, or his counsel; the service of such notice to be made to appear by the affidavit of the applicant or his counsel.”
The fact that the application did not comply with the rule in this respect escaped our notice until called to our attention by the respondent; hence the rule nisi was improvidently granted, and must be recalled, reserving to the plaintiff the right to again make application upon complying with the rules of this court.
For the reasons assigned, the application is dismissed at the cost of the applicant.

 136 La. xii.