(89 South. 215)

No. 24556.

STATE ex rel. HOFFMAN v. JUDGE OF DIVISION B, CIVIL DIST. COURT.

In re HOFFMAN.

(April 5, 1921. On the Merits, May 2, 1921. Rehearing Denied June 5, 1921.)

*(Syllabus by the Court.)*

On Rule to Show Cause.

I. Mandamus ⬅157—Court rule, requiring notice of intention, intended for protection of opposing litigant.

The rule of this court that an application for an original writ, such as mandamus, etc., or for a rule nisi, in such case, shall not be entertained unless notice of the intention to make

same shall have been given to the trial judge and to the opposing litigant, or his counsel, is intended more particularly for the protection of the interest of the opposing litigant, who has the right to look to the court for its enforcement.

*(Additional Syllabus by Editorial Staff.)*

On the Merits.

2. Constitutional law ⬅8—Constitutional convention held not empowered by resolution to authorize stay of proceedings, where members interested as attorneys.

A constitutional convention *held* not authorized to make a binding resolution that if a member or officer of the convention is employed as an attorney in a pending cause he shall be entitled to a stay of all proceedings until 10 days after the final adjournment of the convention.

Application by the State, on the relation of Daniel H. Hoffman, Jr., for an order to show cause why a writ of mandamus should not issue to compel the Judge of Division B, Civil District Court, to rescind an ex parte order of continuance of hearing of a rule against the Southern Bonded Warehouse Company, Incorporated. Proceedings dismissed, with leave to renew. Alternative writ made peremptory.

James J. McLoughlin, of New Orleans, for relator.

A. B. Booth, Jr., of New Orleans, for respondent.

On Rule to Show Cause.

MONROE, C. J. This is an application for an order directing the judge, made respondent, to show cause why a writ of mandamus should not issue, commanding him to rescind an ex parte order continuing until ten days after the adjournment of the constitutional convention, now in session, the hearing of a rule requiring the defendant (Southern Bonded Warehouse Company, Incorporated), in the suit No. 135689 of the docket of that court, to show cause, upon grounds set forth, why it should not be enjoined from making further

use of the name adopted by it. The order to show cause was made as prayed for, and the judge has made his return, but there is nothing to show that the opposing party or its counsel has received any notice of this proceeding, the order was therefore made inadvertently, and must be rescinded, since rule 15 (136 La. xii, 67 South. xi) of this court reads:

"Section 1. No application for an original writ, such as mandamus * * * or for a rule nisi in such case, shall be entertained by the court, or any of its members, unless previously filed in the clerk's office, and unless previous notice of the intention to make such application shall have been given to the judge, or judges, of the inferior court, if he, or they, be made respondents, and to the opposing party or his counsel; the service of such notice to be made to appear by the affidavit of the applicant or his counsel."

The rule was adopted more particularly for the protection of the interests of parties litigant, and they have a right to look to the court for its enforcement.

It is therefore ordered that the rule nisi herein issued be recalled, and this proceeding dismissed at the cost of the applicant, without prejudice to its right to renew its application upon complying with the quoted rule.

On the Merits.

PROVOSTY, J. For doing business in the city of New Orleans, corporations are required to obtain a certificate from the district court. The relator company alleges that it obtained such a certificate in 1917 under the name of Southern Warehouses, and that since then it has been doing a warehouse business in that city in that name; that in 1921 the said district court inadvertently issued a certificate to the Southern Bonded Warehouse Company, authorizing it to do business in the latter name; that from the similarity of this name with that of relator great confusion has resulted in the business of the two corporations by freight being misdirected and in other ways; and also that an unfair competition has been brought about; that the relator filed an injunction suit to restrain the said Southern Bonded Warehouse Company from conducting its business in its said name, and the court, division B of the civil district court, ordered the said company to show cause on March 11, 1921, why an injunction should not issue; that on that day the judge of said court, Hon. Fred. D. King, informed relator that the said company had asked for a stay of proceedings in said suit through its counsel, Andrew B. Booth, on the ground that the said counsel was assistant secretary of the constitutional convention now sitting, and as such was an officer of said convention, and within the terms of a resolution of said convention in words as follows:

"That if a member or officer of the convention be employed as attorney in any cause pending in the courts of this state he shall be entitled to a stay of all proceedings in and continuance of said cause until ten days after the final adjournment of this convention"

—and that he, the said judge, had granted the said stay, and had continued the said suit until ten days after the final adjournment of the said convention; that relator protested against the granting of said stay, contending that the said convention was without authority to legislate concerning the conduct of business in the courts, and at all events that an assistant secretary was not an officer of said convention within the meaning of said resolution; and that, said protest proving vain, relator filed a rule in the court of said judge on the said company, to show cause why said stay of proceedings should not be rescinded, and that the said judge has refused to grant the relator a hearing on said rule for the same reason that the attorney of said company is an officer of said convention.

Wherefore the relator prays that a mandamus issue to the said judge to rescind the said stay order, and proceed to take up and

dispose of the relator's prayer for an injunction.

A copy of the journal of the convention filed in the record shows that the said attorney is an officer of the convention.

In the case of Alex S. Kuhn et al. v. Mrs. Mary A. Breard and Husband, 88 South. 552,[1] in which decisions were this day handed down, this court has found itself compelled to hold that this resolution has not the force of law.

Viewed as a request from a deliberative body of the representatives of the whole people of the state, so large, so dignified and important, charged with the very highest functions the assembled representatives of a people could be charged with, the said resolution is entitled, no doubt, to very great respect and deference on the part of the courts, all the more so from the fact that the said resolution is strictly in line with the statutory law of the state with reference to members of the Legislature (C. P. art. 466); and, moreover, the courts are bound to assume that this resolution would not have been adopted if its authors had not deemed that for the proper discharge of the so important functions of the convention the members and officers of that body should not be called away from their attendance by duties incident merely to the business of private persons in law suits, but the question of the authority of a constitutional convention, regularly convoked by the Legislature to frame a constitution, and not revolutionarily convoked, to legislate, is not a new one in our constitutional law; it is elaborately considered in the very masterly work of Jameson on Constitutional Conventions; and the conclusion there reached, from both general principles and precedents, is that the authority does not exist. "The result is that a convention cannot assume legislative powers." Fourth Ed. p. 426, § 423.

In a case in which, as in the present, therefore, the interests of the party complaining would seriously suffer if the effect of law were given to the said resolution, this court feels compelled to put aside considerations of mere comity and expediency, and let the law have its course.

The alternative writ of mandamus herein is therefore now made peremptory.

DAWKINS, J., recused.