(88 South. 552)

No. 24584.

KUHN et al. v. BREARD et al.

(May 2, 1921.)

*(Syllabus by Editorial Staff.)*

Certiorari ⊙⇒42(3) — Mandamus ⊙⇒154(2) —Prohibition ⊙⇒22—Application to Supreme Court for writ denied, in absence of notice of intention to apply.

Where applicants for writs of certiorari, mandamus, and prohibition in the Supreme Court do not in their affidavit or petition comply with rule No. 15,[1] and state that previous notice of the intention to apply was given to the opposing party, the application must be dismissed, if opposing parties insist upon full compliance.

Application by Alex S. Kuhn and another for writs of certiorari, mandamus, and prohibition to the judge of the sixth judicial district court for the parish of Ouachita, in a cause of action between such relators and Mrs. Mary A. Breard and husband. Rule nisi recalled, and application dismissed.

Hudson, Potts, Bernstein & Sholars, of Monroe, for applicants.

Newton & Newton, of Monroe, for defendants.

---

[1] 136 La. xii, 67 South. xi.

SOMMERVILLE, J. This is a suit involving an act of sale which plaintiffs seek to have set aside; and for an injunction restraining defendants from instituting any suit or bringing any action to foreclose upon notes issued under the act of sale. Defendant moved for a dissolution of the writ of injunction, and filed an exception of no cause or no right of action. When the exception of no cause of action was called for trial the plaintiffs went into court, and alleged that Mr. Allan Sholars, of the law firm of Hudson, Potts, Bernstein & Sholars, had special charge of the case of plaintiffs, and that he was at that time engaged in his duties as a delegate to the State Constitutional Convention, then meeting in Baton Rouge, and could not be present on the trial of the cause. They also cited the resolutions of the Convention which were considered in the case No. 24,536, Pender v. Gray et al., 149 La. 184, 88 South. 786, this day decided, in which it was held that said resolutions were without effect as laws of the state; and that litigants could not claim their protection.

Respondents in this case call the attention of the court to the omission on the part of relators to comply with rule No. 15 of the court which provides:

"No application for an original writ, such as mandamus, prohibition, certiorari, writ of review, or the like, or for a rule nisi in such case, shall be entertained by the court, or any of its members, unless previously filed and docketed in the clerk's office and unless previous notice of the intention to make such application shall have been given to the judge, or judges, of the inferior court, if he, or they, be made respondents, and to the opposing party, or his counsel; the service of such notice to be made to appear by affidavit of the applicant or his counsel."

Relators, in their petition in this court and in the affidavit thereto annexed, did not state that previous notice of the intention to apply for this writ was given to the opposing party, and the neglect to give such notice is fatal

to their application for relief. In the case of State ex rel. Grenier v. Couvillon, 109 La. 267, 33 South. 309, it is said:

"Exception is made by the parties in interest that this rule has not been complied with, and, since an inspection of the record shows this exception to be well founded, the application is denied, at the cost of the relators."

The opposing parties, those in interest, in this case insist upon a full compliance with the rule, and the decision in the case of State ex rel. Grenier v. Couvillon, supra, will be followed. See the ruling in Saucier v. Saucier, 135 La. 973, 66 South. 317, to the same effect.

The rule nisi issued herein is recalled; and the application of relators is dismissed at their cost.

DAWKINS, J., recused.
O'NIELL, J., concurs in the decree.