SOMMERVILLE, J.
Plaintiff proceeded, via ordinaria, upon a vendor’s lien and privilege and special mortgage against the defendants, and defendants excepted to the petition on the ground that they were not residents of St. Mary parish, and objected to the jurisdiction of ■ the court.’ Subsequently, defendants appeared in court, and in writing informed the court that their counsel was a delegate to the constitutional convention and that it would be impossible for him to be present and take part in the hearing of the exception on the day fixed, for the reason that he was thus employed at that time. And they further allege that they were entitled to a continuance of the trial of their exception, and they asked that the trial and hearing of the exception be set aside and they be granted further time in which to appear and properly present the issues before the court. The continuance was refused, and defendants have applied to this court for a writ of prohibition addressed to the district judge to prevent a trial of- the .cause until ten days after the adjournment of the constitutional convention. A rule nisi was issued, and the judge and plaintiff have both filed answers to the petition going to show why a writ of prohibition should not issue.' .
The judge replied that the exception to the jurisdiction of the court was fixed for trial on March 1,1921; that he continued the trial of the exception from March 1 until March 8, and that the attorney of the relators was promptly notified of the continuance; that he again continued the trial of the exception over the protest of the attorney for the i>lain-tiff from March 8 to March 12, and notified counsel for relators; that no motion for a continuance at that particular time was pending before the court, and relator had had ample time to prepare for the trial of said exception; that the law governing continuances in Louisiana is Act No. 196 of 1912, p. 383, and that relators were not entitled to a continuance under the lawthat, knowing that the constitutional convention had practically no work during the first two weeks of its session,, the respondent judge felt that relators, through their attorney of record, could and should have been present in court either on March 8 or March 12 for the trial of their exception; and that to continue the trial of the exception indefinitely or until the convention adjourned would be a denial' of justice to-plaintiff. He further showed that the two resolutions of the-constitutional convention relied upon by relators, if valid, which he denied, simply entitled a litigant to a continuance, provided a motion for that purpose was made in due and proper form; and that no motion for a continuance based upon membership of the attorney of relators in the constitutional convention was filed. Respondent further answered that the two resolutions adopted by the constitutional convention, if intended and construed to mean that a litigant is entitled of right to a continuance, without a formal motion to. that effect, are null, void, and of no effect, for the reason that the constitutional convention is not a lawmaking body and *187 has no authority to pass laws, except as same may be incorporated in the Constitution or finally adopted therewith in separate form.
The plaintiff in the suit made similar answer.
The two resolutions of the constitutional convention are attached to the petitions of defendants for the writ, and they are as follows :
“Resolution No. 9.
“By Mr. Carville:
“Resolved, that when any attorney at law shall be a member of this convention, his membership therein shall be a peremptory cause of continuance in any cause in which he may be engaged in any court of this state, during the time that this convention shall be in session.”
“Resolution No. 24.
“By Mr. Warren:
“Resolved, that if a member or officer of the convention be employed as attorney, in any cause pending in the courts of the state, he shall be entitled to a stay of all proceedings in and continuance of said cause until ten days after the final adjournment of this convention.
“Resolved, further, that judges of the United States courts be requested to grant like stay of proceedings and continuance in causes pending in the courts over which they preside, wherein members or officers of this convention are employed as attorneys.
“Resolved, further, that copies of this resolution be sent to the clerks of all courts of record of the state and all United States courts within the state.”
[1] The act of the Legislature calling the constitutional convention into existence, which is known as Act No. 180 of 1920, p. 290, is entitled:
“An act providing for the submission to the people of a proposition to hold a convention at a designated time and place for the purpose of framing and putting into effect a new Constitution; * * * to fix the powers of said convention,” etc.
And paragraph 4 of section 1 of the act provides';
“The said convention shall have full power to frame and adopt without submission to the people’a new Constitution for the state,” etc.
Nowhere in the act is authority given to the convention to pass or enact laws.
“The legislative power of the state shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives.” Article 21 of the Constitution.
To the Legislature alone has been given the power and right to legislate and adopt laws. The act of 1920 calling the convention into power did not attempt to give it any such power. And the resolutions quoted above adopted by that bbdy are without fdrce and effect as laws. The convention can only adopt a Constitution, which act must be done all at one time and in one instrument. The resolutions which may be adopted by the convention form no part of the Constitution until they have been made parts of the Constitution and are adopted, together with the balance of that instrument', and they are without effect. The Constitution which the convention was called .to write has not yet been adopted, nor has the convention adopted aiiy part of the Constitution. The resolutions are purely ex parte, and may never be written into the Constitution; and if they should be so written they will not be laws until the Constitution has been adopted, and they cannot have any retroactive effect. These resolutions did not and cannot supersede the law of the state or suspend the same.
[2] The application for a continuance of the trial of exceptions was within the discretion of the trial judge, and, as his discretion does not appear to have been abused, his ruling- will not be interfered with.
The rule nisi issued herein is recalled, and the application of relators for a writ of prohibition is dismissed, at their costs.