(90 South. 234)

No. 24960.

## JONES v. CITY OF NEW ORLEANS.

### In re JONES.

(Nov. 28, 1921. Decree Amended and Rehearing Denied Nov. 29, 1921.)

*(Syllabus by Editorial Staff )*

1. **Mandamus** ⊶154(1)—**Prohibition** ⊶22— **Applicant's failure to show service of notice to appear held fatal.**

A noncompliance with the requirement of Court Rule 15, § 1 (67 South. xi [1]), requiring service of notice to appear in the affidavit of applicant for mandamus and prohibition is fatal, and an allegation that the trial judge accepted notice in open court is insufficient.

2. **Mandamus** ⊶157—**Prohibition** ⊶20—**Either actual notice or express waiver is required.**

Under Court Rule 15, § 1 (67 South. xi [1]), there must be either an actual service of notice appearing by affidavit of the applicant or his counsel or an express waiver of it.

O'Niell, J., dissenting.

Action by Mrs. Irene C. Jones against the City of New Orleans. On plaintiff's application for writs of mandamus and prohibition to compel respondent judge to grant a suspensive appeal from an order dissolving an injunction on bond. Application dismissed.

Denegre, Leovy & Chaffe, of New Orleans, for relator.

Ivy G. Kittredge, City Atty., and Rene A. Viosca, Asst. City Atty., both of New Orleans, for City of New Orleans.

J. Zach Spearing, of New Orleans, for Liberty Auto Co., Inc., amicus curiæ.

PROVOSTY, J. This is an application for a mandamus to compel the respondent judge to grant a suspensive appeal from an order dissolving an injunction on bond.

[1] Section 1 of rule 15 of this court (67 South. xi [1]) provides that no application of this kind shall be entertained unless previous notice of the intention to make same shall have been given to the opposite party or his counsel, "the service of such notice to be made to appear by the affidavit of the applicant or his counsel."

Noncompliance with this requirement has been repeatedly held to be fatal to the application. Howcott v. Ruddock Orleans Cypress Co., 147 La. 192, 84 South. 584.

In the present case there is no allegation of such notice having been given; but there is an allegation that the trial judge in open court accepted notice of the intention to make the present application, and counsel say that this was in the presence of opposite counsel, and they argue that it constituted a sufficient compliance with the said section 1 of rule 15.

[2] The petition does not expressly allege that opposite counsel was present in court when notice was thus given to the trial judge and accepted by him; but, granting the presence of opposite counsel on that occasion, this would not be a compliance with said rule which by its express terms requires a "service of such notice." Evidently, therefore, there must be either an actual service or an express waiver of it.

The present application is therefore dismissed at the cost of relator.

O'NIELL, J. (dissenting). My opinion is that the notification, given verbally by counsel for relatrix to the judge in open court and in presence of the attorneys for defendant, was a sufficient compliance with the rule requiring that notice shall be given to the judge and opposing counsel before application is made to this court for a supervisory writ. The petition of the relatrix, in this case, was considered and disposed of by the full bench in conference or consultation. The presumption is, and ought to be, that the affidavit as to the manner of giving notice was satisfactory; and, where, as in this

---

[1] 136 La. xii.

case, a recalling of the preliminary writ or rule nisi cannot serve any other purpose than to require the relatrix to renew her application, after having given formal notice to the opposing counsel, the decree of the court, issuing the preliminary writ or rule nisi, ought to be regarded as having disposed of the question of form of the affidavit.

### On Application for Rehearing.

PER CURIAM. The decree rendered in this case is amended by reserving to relatrix the right to renew her application on complying with the rules of the court.

The petition for a rehearing is denied.