(90 South. 768)

No. 25035.

**STATE v. FLECKINGER et al.**

**In re STATE ex rel. MARR, Dist. Atty.**

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari ☞46—Prohibition ☞22—Notice of intention to make application necessary.**

Notice of intention to apply for writs of certiorari and prohibition must be given the judge of the trial court and opposing parties, and the proof of the giving of such notice must appear by the affidavit of the applicant or his counsel, in the absence of a clear waiver, under rule 15 of the Supreme Court (136 La. xii, 67 South. xi).

**2. Certiorari ☞60 — Prohibition ☞24 — Supreme Court must notice failure to give notice of application for writs.**

The Supreme Court must notice failure of application for writs of certiorari and prohibition to show that notice of intention to apply was given the trial judge and opposing parties, in the absence of a clear waiver thereof by appearance or otherwise, even without suggestion from the parties at interest, under Supreme Court rule 15 (136 La. xii, 67 South. xi).

O'Niell, J., dissenting.

Prosecution of Mark Fleckinger and Bessie Johnson for operating a lottery. Application by the State, on the relation of R. H. Marr, District Attorney, for writs of certiorari to review an order requiring the State to return to Bessie Johnson property to be used as evidence in prosecution of her and Fleckinger, and to prohibit delivery of such property. Application dismissed without prejudice.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., and Frederick B. Freeland, Asst. Dist. Atty., both of New Orleans, for relator.

Alfred J. Bonomo, of New Orleans, for respondent.

OVERTON, J. This is an application for a writ of certiorari to review a ruling of Hon. Richard A. Dowling, one of the judges of the criminal district court for the parish of Orleans, ordering the state to return to Bessie Johnson, one of the defendants, certain property seized by police officers in her home without a search warrant, and delivered to the state, as lottery paraphernalia, and as evidence to be used against Bessie Johnson and her codefendant, Mark Fleckinger, in support of a charge made against them for operating a lottery, and for having lottery paraphernalia in their possession, and for a writ of prohibition to prohibit said judge from delivering said property to said Bessie Johnson.

[1] This court ordered the respondent to show cause why the relief prayed for by the relator should not be granted. While the judge has answered, yet the order must be recalled, for it was inadvertently granted, since it does not appear that notice of intention was given to the defendants, or their counsel, of the intention to apply for the remedial writs prayed for in this proceeding, nor have they made any appearance herein. The first section of rule 15 of this court (136 La. xii, 67 South. xi) provides that:

"No application for an original writ, such as mandamus, prohibition, certiorari, writ of review, or the like, or for a rule nisi in such case, shall be entertained by the court or any of its members unless previously filed and docketed in the clerk's office, and unless previous notice of the intention to make such application shall have been given to the judge or judges of the inferior court, if he or they be made respondents, and to the opposing party or his counsel; the service of such notice to be made to appear by affidavit of the applicant or his counsel."

Unless notice of intention to make the application prescribed by the above rule be given, and proof of the giving of the notice made to appear by the affidavit of the applicant for the writs or his counsel, the application will not be entertained, in the absence of a clear waiver of such notice.

In the case of State ex rel. Hoffman v. Judge, 149 La. 363, 89 South. 215, it was said, in interpreting and applying rule 15, that:

"The rule was adopted more particularly for the protection of the interests of parties litigant, and they have a right to look to the court for its enforcement."

See, also, Jones v. City of New Orleans (No. 24960) 90 South. 234,[1] not yet officially reported, and Howcatt v. Ruddock Orleans Cypress Co., 147 La. 192, 84 South. 584.

[2] As the rule was adopted particularly for the protection of parties litigant, and as it provides that, unless the required notice be given, applications for such writs will not be entertained, the court must notice a failure to give it, even without suggestion from the parties at interest, in the absence of a clear waiver thereof, by appearance or otherwise; and, when the notice does not appear to have been given or waived, as is the case in this instance, the court must dismiss the application.

It may be observed also that articles 848 and 859 of the Code of Practice have not been complied with by making oath to the truth of the facts set forth in the application for the writs.

For the reasons assigned, it is ordered, adjudged, and decreed that the application for said writs be dismissed, but without prejudice to the relator to renew it, upon complying with the requirements of law and the rules of this court.

O'NIELL, J. (dissenting). Without expressing an opinion on the question whether relator is entitled to the relief prayed for, which question is not considered in the foregoing opinion, I respectfully dissent from the ruling dismissing relator's petition. The rule to show cause why the writ of certiorari should not issue was issued, not by one of the justices, but by the court itself, which,

[1] 149 La. 893.

150 LA.—16

in my opinion, foreclosed the question of compliance with the court's rules. The rule to show cause was duly served, which gave all the notice that the respondents were entitled to.