OVERTON, J.
Defendant was indicted for selling intoxicating liquors for beverage purposes. Prior to arraignment, he moved to quash the bill of indictment on the ground that Act 39 of 1921, the act under which the charge "is laid, is unconstitutional.
Defendant bases his plea of unconstitutionality on the ground that Act 39 was passed at the extraordinary session of the Legislature held in 1921, and that, when the Legislature convened for that session, it did so by order of the constitutional convention, and not by the proclamation of the Governor. He contends that the convening of the Legislature in extraordinary session is purely an executive function, and that the power to so convene it is vested in the Governor alone; that the constitutional convention of 1921 was convened solely for the purpose of adopting a Constitution; that the calling of the Legislature in extraordinary session was beyond the power of the convention; and, as the Legislature met under its call, and not under the proclamation of the Governor, that all of its acts, at that session, are unconstitutional, null, and void.
The Legislature assembled in extraordinary session, at Baton Rouge, on the first Tuesday of September, 1921, under an ordinance j adopted by the constitutional convention of that year. This ordinance is found in the appendix to that instrument, as article 25, and is made part of the Constitution itself, as fully as if incorporated therein, by aiidele 22, par. 14, of section 1 of that instrument. In so far as it may he necessary to quote article 25, it reads as follows:
“The Legislature of the state of Louisiana is hereby directed to convene in extraordinary session at the seat of government on the first Tuesday in the month of September, 1921, at 12 o’clock, noon, for a period not exceeding 75 days, with full authority as if convened in regular session.”
[1] The constitutional convention was convened under Act 180 of 1920. The call for it contained in that act, was approved by the people at an election held for that purpose. The power of the convention, as prescribed in that call, was “to frame and adopt, without submission to the people, a new Constitution for the state.” With the exception of certain limitations and prohibitions relative to the indebtedness of the state and its political subdivisions, the tenure and salaries of officers, and the removal of the state capital, the power of the convention to frame and adopt a new Constitution was as full as could be conveyed by the Legislature and the people of the state.
[2] Therefore, when the convention met, clothed with such power, it had full authority, and it was its duty, under our form of government, to provide for a law-making body, to be elected by the people, and, in making provision for it, it had authority to provide when that body should convene. It exercised that power, by providing a General Assembly, to be known as the Legislature, and vested in it the legislative power of the state, with certain restrictions, and provided that the body thus created should convene in regular session, on a fixed date, biannually. It also made provision for extraordinary sessions, and for the manner of thus conven *717 ing the Legislature. In so providing, however, it foresaw the necessity for an extra session, following the adoption of the Constitution, and it, therefore, provided for an additional session, to he held on the first Tuesday of September, 1921, clothed with the full power of a regular session. The same power that authorized the convention to provide when the Legislature should meet, whether annually or biannually, or at any other time, authorized it to provide that it should meet on the first Tuesday of September, 1921.
The only reason why provisions are inserted in Constitutions authorizing the Governor, or some other authority, to convene the Legislature in extra session is, that constitutional conventions cannot foresee, except in rare instances, the time when such a session may be necessary, and therefore the necessity arises to authorize some one to determine that question, and to so convene the Legislature; but, when the constitutional convention itself foresees the necessity and the time, there is no reason why it should not direct that body to then meet.
The defendant cites, in support of his contention, Pender v. Gray et al., 149 La. 184, 88 South. 786; Kuhn et al. v. Breard et al., 149 La. 59, 88 South. 552; Hoffman v. Judge, 149 La. 363, 89 South. 215. In those cases, it was held that the constitutional convention of 1921 was without authority to pass a resolution providing for the continuance of eases during the session of the convention, in which the members and officers thereof were interested, since among the reasons 'for so holding is that such action, upon the part of the convention, was the exercise of power purely legislative, for which purpose the convention was not called. There is, however, a vast difference between such a resolution and the ordinance in question, convening the Legislature in extraordinary session. As we have endeavored to show, the latter was within the purview of the call for the convention, and therefore among its powers. The decisions cited do not support defendant’s contention.
No other bill of exception has been reserved than the above.
For the reasons assigned, the judgment and sentence appealed from are affirmed.
Rehearing refused by Division B, composed of Justices O’NIELL, LAND, and BAKER.