(93 South. 910)

No. 25505.

### BORAH v. DUSSEL.

### In re DUSSEL et al.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus 157—Judge waives objections to manner of giving notice by answering without excepting, but his waiver does not bind the litigants.**

   A trial judge waives his objections to the manner of giving notice of intention to apply for a writ of mandamus to compel the granting of an appeal by answering without excepting to the notice, but such waiver is binding only on him, and not on the litigants opposed to the applicant for the writ.

2. **Mandamus 157—Notice of application essential to entertainment thereof by Supreme Court.**

   Court Rule 15 (136 La. xii, 67 South. xi), requiring that notice of intention to apply for a writ of mandamus must be given the trial judge and the opposing litigants or their counsel, makes such notice essential to the entertainment of the application by the Supreme Court.

3. **Mandamus 157—Oral notice of intention to apply insufficient.**

   Under court rule 15 (136 La. xii, 67 South. xi), requiring that notice of intention to apply for writ of mandamus be given the trial judge

and the opposing litigants, the notice must be a written notice, and communication of the notice orally is insufficient.

Action by Charles F. Borah against Alex Dussel. Judgment for plaintiff, and Alex Dussel and others apply for a writ of mandamus. Application dismissed.

Borah, Himel, Bloch & Borah, of Franklin, for plaintiff.

Delvaille H. Theard, of New Orleans, for relators.

By the WHOLE COURT.

OVERTON, J. Relators, in this case, have applied for a writ of mandamus to force the judge of the civil district court, for the parish of Orleans, division D, to grant them a suspensive and devolutive appeal from a judgment decreeing that a surety on a 12 months bond which they tendered was not sufficient.

Borah, one of the litigants opposed to relators, has excepted to the application on the ground that no written notice of intention to apply for the writ was served on him or his counsel, as required by rule 15 of this court (136 La. xii, 67 South xi). The judge below has made his return without excepting to the notice.

The record discloses that notice of intention to apply for the writ was given, in open court, to the judge and to opposing counsel. It does not appear that written notice was given by service thereof, nor is there anything to justify such an inference. To the contrary, the only inference justified is that notice was given orally, in open court.

[1] In respect to the trial judge, he has waived the manner of giving notice by answering without excepting to it. Levert v. Gajan, No. 25503, 94 South. 416,[1] this day decided. But, as said in the cited case, such waiver is binding only on the trial judge, and not on the litigants opposed to the ap-

---

[1] Post, p. 843.

plicant for the writ. Since Borah, one of the opposing litigants in the application, has not lost the right to avail himself of any defect in the notice, but instead has excepted to it, the sufficiency of the notice as to him, at least, must be determined.

[2] Rule 15 (136 La. xii, 67 So. xi) requires that notice of intention to apply for the writ must be given the trial judge, and the opposing litigants, or their counsel, and that service thereof must be made to appear by the affidavit of the applicant, or by that of his counsel. The rule makes the notice, thus required, essential to the entertaining of the application by this court. It does not, however, expressly state that the notice must be a written one, and the question presents itself whether the giving of oral notice suffices.

[3] The notice required by the rule is the first step to be taken in a contemplated judicial proceeding, and in the absence of a clear waiver thereof, is necessary to the exercise of jurisdiction by this court. The requirement, making the notice essential to the exercise of jurisdiction, and the requirement that notice be served, would seem to indicate that something more formal and certain is demanded than a mere oral notice. In fact, it has been held in other jurisdictions, and the rule is applicable here, that, on principle, when a statute requires the giving of notice, or the service thereof, in judicial proceedings, without any qualification, the notice required must be understood to be a written one. Pearson v. Lovejoy, 53 Barb. (N. Y.) 407; Id. 35 How. Prac. 193; McEwen v. Montgomery County Mut. Ins. Co., 5 Hill (N. Y.) 101; In re Cooper, 15 Johns. (N. Y.) 533; Gilbert v. Columbia Turnpike Co., 3 Johns. Cas. (N. Y.) 107; Lane v. Cary, 19 Barb. (N. Y.) 539; Ensley v. State, 4 Okl. Cr. 49, 109 Pac. 250; Clemmons v. State, 5 Okl. Cr. 119, 113 Pac. 238. Applying this rule of interpretation to rule 15 of this court—for it should be interpreted according to the same rules as statutes are—our conclusion is that the rule requires written notice, and that the communication of notice orally does not satisfy it.

For the reasons assigned, it is ordered, adjudged, and decreed that this application be dismissed, at relators' costs, reserving to relators, however, should they deem proper, such right as they may have, to renew their application, on serving proper notice on the trial judge, and on the opposing litigants or their counsel.