(94 South. 416)

No. 25503.

## LEVERT v. E. GAJAN, Inc.

### In re E. GAJAN, Inc.

(Oct. 30, 1922. Rehearing Denied Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari ⬅➔46—Mandamus ⬅➔157—Prohibition ⬅➔22—Judge waives defects in notice by answering without excepting.**

The district judge waived any defect in notice of intention to apply for writs of certiorari, mandamus, and prohibition, or in the manner of giving it by answering without excepting to the notice.

**2. Certiorari ⬅➔46—Mandamus ⬅➔157—Prohibition ⬅➔22—Verbal notice of intention to apply not sufficient.**

Under Supreme Court rule 15 (136 La. xii, 67 South. xi), verbal notice of intention to apply for writs of certiorari, mandamus, and prohibition is not sufficient.

**3. Certiorari ⬅➔46—Mandamus ⬅➔157—Prohibition ⬅➔22—District judge's waiver of notice does not affect opposing party.**

The district judge's waiver of notice of intention to apply for writs of certiorari, mandamus, and prohibition could not affect the right of the opposing party to such notice under Supreme Court rule 15 (136 La. xii, 67 South. xi).

**4. Certiorari ⬅➔46—Mandamus ⬅➔157—Prohibition ⬅➔22—Mailing of notice of intention to apply not sufficient.**

Under Supreme Court rule 15 (136 La. xii, 67 South. xi), requiring proof by affidavit of service of notice of intention to apply for writs of certiorari, mandamus, or prohibition, there must be proof of service, that is delivery, of the notice to the persons entitled to it, and mere proof of mailing is insufficient, especially where the date of mailing does not even appear.

Suit by John B. Levert against E. Gajan, Inc. The defendant's application for an injunction was denied, and it applies for writs of certiorari, mandamus, and prohibition. Application dismissed.

Harris Gagne, of Houma, for applicant.

Borah, Himel, Bloch & Borah, of Franklin, for respondent.

By the WHOLE COURT.

OVERTON, J. John B. Levert obtained an order for executory process to foreclose a mortgage and vendor's privilege on certain sugar plantations, situated in the parishes of Terrebonne and Lafourche. E. Gajan, Inc., the owner of the plantations, and the defendant in the application for executory process, petitioned the judge of the Twentieth judicial district court, in and for the parish of Terrebonne, for a writ of injunction to restrain the sale. The judge refused to grant the order for the issuance of the injunction, for the reason that in his opinion the grounds set forth, as entitling the applicant to the writ, were not sufficient to justify its issuance. Upon the refusal of the judge to grant the injunction, application was made to this court for writs of certiorari, mandamus, and prohibition, upon which application, an order was issued, directing the judge, who refused to grant the order for the issuance of the injunction, to send to this court the record in the suit for that writ, or a certified copy thereof, and to show cause, on a day named, why the applicant for the writs of certiorari, mandamus, and prohibition should not be granted the relief prayed for in its petition for those writs, and at the same time the sale and all further proceedings in the application for the injunction were stayed by this court until otherwise ordered.

The respondent judge accepted service of the order to show cause, and has filed his answer, setting forth his reasons for refusing the injunction. John B. Levert, the plaintiff in the proceedings for executory process, has appeared and excepted to the application made for the remedial writs mentioned, and, the proceeding for those writs being a summary one, has also, with the res-

ervation of the benefits of his exception, filed his answer.

The first ground of Levert's exception is that the notice of intention to apply 'to this court for the writs sought was not given or served as required by the rule prescribed for such applications. The rule in question provides that no application shall be entertained for those writs, unless previous notice of the intention to apply for them shall have been given to the judge of the inferior court, and to the opposing party, or his counsel; "the service of such notice to be made to appear by the affidavit of the applicant or his counsel." Rule xv, 136 La. xii, 67 South. xi.

It appears from the petition for the writs, which is sworn to by counsel for the applicant, that the district judge was notified in person, and that Levert was notified by mailing a written notice, addressed to his attorneys of record, Borah, Himel, Bloch & Borah, at New Orleans, La.

[1, 2] The district judge has answered the petition for the writs without excepting to the notice given him, and therefore we need not concern ourselves with that notice, for whatever defect there may be in it, or in the manner of giving it, the judge has waived the defect by thus answering. It may be said nevertheless, in passing, that verbal notice of the intention to apply is not sufficient. Borah v. Dussel, No. 25505, 152 La. 589, 93 South. 910, this day decided.

[3] However, waiver of notice, on the judge's part, cannot affect the right of Levert to exact that notice of intention to apply for the writs be given him, since by the clear terms of the rule he is entitled to such notice, and since the judge in waiving notice was acting, and had power to act only for himself. State ex rel. Hoffman v. Judge, 149 La. 363, 89 South. 215.

[4] Therefore, since it must appear that Levert was served with notice of the intention to apply for the writs, let us inquire as to the sufficiency of the notice alleged to have been given his counsel, and of the proof of service. It appears only that notice was mailed his counsel of record at New Orleans. It does not even appear when the notice was mailed. It is impossible from the proof even to infer that the notice, if received at all, was received before the application was made and acted on, yet it is manifest that it must be given before that time, for the notice required is not one that application has been made and acted on, but is one notifying the person entitled to it of the intention to apply for the writs. Moreover, mere proof of the mailing of the notice does not answer the requirements of the rule. The rule is satisfied only by proof of service; that is, of delivery to the persons entitled to it, or their counsel. As the proof does not show such service as the rule requires, the exception must be maintained, and the application dismissed.

For the reasons assigned, it is ordered, adjudged, and decreed that the application herein be dismissed, reserving to relator such rights as it may have, should it deem that grounds exist therefor, to renew its application; relator to pay the costs.