TED R. BROYLES, Judge Pro Tern.
Plaintiff, Iola Green, brought this worker’s compensation suit against Gary Memorial Hospital alleging that she received back injuries on June 19, 1988, while “wringing out a rag” in the course and scope of her employment for defendant.
The evidence adduced failed to establish any work related injury. The only witness for plaintiff, other than plaintiff herself, was Fabiola Huval, a co-worker whose testimony was obtained through the assistance of an interpreter. She denied seeing anything happen which might have caused plaintiff’s back injury and further denied having heard plaintiff complain of any incident that occurred on the job.
Dr. L.A. Morrough, her family physician for many years, testified that plaintiff had a history of back trouble beginning in 1972. On May 16, 1983, more than one month prior to the accident alleged, plaintiff consulted Dr. Morrough regarding a back condition and told him that on the last day of April, 1983, “while at home, she stooped over in her yard to pick up a beer can and felt -her back snap and was unable to straighten up ...”. The testimony of the administrator of the hospital and that of the director of nurses, as well as the documentary evidence attached to Dr. Mor-rough’s deposition at the request of plaintiff’s then counsel, all support the conclusion that the onset of plaintiff’s condition occurred at her residence when she picked up the beer can.
The trial court held in favor of defendant and the plaintiff appealed. The issue is whether the trial judge abused his discretion in requiring plaintiff to proceed to trial without counsel. The pertinent facts are as follows:
On the date of trial, March 11, 1985, plaintiff appeared without counsel. The case had been assigned for trial on the motion of plaintiff’s then counsel on or about August 21, 1984,[1] and appropriate notices were sent to the parties on September 13, 1984, or about six months before the date assigned.
Although the record contains no formal motion to withdraw, her attorney evidently informed the trial judge that his client had discharged him during the preceding week. *198 Here is the pertinent colloquy between the trial judge and plaintiff:
“By the Court: All right, Miss Green, we find you here without a lawyer; is that correct?
By Ms. Green: Yes, sir.
By the Court: All right, your case has been fixed for trial for some time and the lawyer who you have apparently — whose services you have terminated contacted me the latter part of last week and indicated that he would not be representing you. Are you prepared to represent yourself?
By Ms. Green: No, sir. I would like to have some time to get me another lawyer.
By the Court: Let me see the record, please. All right, Miss Green, the problem that we have is the motion and order fixing this case for trial was prepared by your attorney and filed on August the 23rd, 1984. That is how this case got its fixing as a first case on the docket this morning. Notice went out to everybody on that September 13th. It has been set and ready for trial during that entire period. The Court cannot — there’d be no way that we could handle our docket if we committed these things, Miss Green, of a litigant firing a lawyer or having some dispute, and in three days — two or three working days prior to the trial, come into court to announce that they are unready, particularly when the other side is ready. I’m afraid I can’t grant your motion to continue the matter. We’ll have to go to trial this morning.” (P. 107, emphasis supplied)
La.C.C.P. Article 1601 provides:
A continuance may be granted in any case if there is good grounds therefor.
The exercise of the trial court’s discretion in granting or refusing a continuance should not be disturbed in the absence of abuse. Pender v. Gray, et al., 149 La. 184, 88 So. 786 (La.1921).
Counsel for appellant relies on Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). The facts in Marpco are inapposite. There the defendants had never received notice of the trial date, were not informed by their counsel of record of his intention to withdraw, and did not learn of his withdrawal, granted on trial date, until three or four weeks after judgment against them had been signed. It was held that the defendants were effectively denied their day in court; they “were left unknowingly without representation” (528).
More analogous circumstances were presented in Hall v. Doctor’s Hosp. of Tioga, 486 So.2d 1164 (La.App. 3rd Cir.1986). Plaintiff therein, as here, knew of the trial date for several months, discharged her counsel less than one week prior to trial, and then complained of being prejudiced when her motion for continuance was denied. Her attorney’s motion to withdraw was granted on the trial date. In affirming the trial court’s denial of the motion for continuance, the Court in Hall held there was no abuse of discretion. It also observed that the trial judge (and others) had assisted the plaintiff in the adducing of evidence. The record herein similarly shows that the trial judge attempted to assist plaintiff in the presentation of her evidence.
While the record might have been made more complete in regard to the circumstances of her dismissal of counsel, it should suffice to note: (1.) plaintiff never said anything to contradict the impression that she had discharged her counsel; and (2.) she did not bring to the trial court’s attention any exigent circumstances or grounds for the abrupt dismissal of her attorney.
There is no authority for forcing counsel on a party litigant. The right of self-representation has been recognized even in criminal cases. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). It follows that a litigant is privileged to discharge counsel almost at will, provided that it does not become a device for improper purposes such as gaining a continuance untimely and without good cause. The ever present quest for means and methods of eliminating unnecessary delay in litigation, and the pragmatic *199 considerations concerning the docketing of cases are only some of the reasons for granting the trial judge wide discretion in matters of this kind. We conclude that there was no abuse of discretion by the trial court.
Costs on appeal are assessed against plaintiff-appellant.
AFFIRMED.

. The order bears no date but the certificate of counsel is dated August 21, 1984, and the deputy clerk marked it filed August 23, 1984.