STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-463

CONSOLIDATED WITH

15-464

SUCCESSION OF BETTY JEAN PARKER

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NOS. 53,782 c/w 53,794
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

Gremillion, J., concurs and assigns written reasons.

**REVERSED AND REMANDED.**

**Annette Roach**
**Roach & Roach, APLC**
**724 Moss Street**
**Lake Charles, Louisiana 70601**
**(337) 436-2900**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Curtis J. Parker, Sr.**

**Wilford D. Carter**
**1025 Mill Street**
**Lake Charles, Louisiana  70601**
**(337) 564-6990**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Curtis J. Parker, Sr.**


**Timothy O'Dowd**
**921 Ryan Street, Suite D**
**Lake Charles, Louisiana 70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Sheryl R. Parker, Tracie Y. Blanchette,**
     **Karen D. Parker, Curtis J. Parker, Jr., and**
     **Joy N. Parker, individually and as Independent**
     **Executrix of the Succession of Betty Jean Parker**


**Leslie Q. Knox**
**Post Office Box 2266**
**Lake Charles, Louisiana 70602-2266**
**(337) 990-0015**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Joy N. Parker**

**GENOVESE, Judge.**

Plaintiff, Curtis J. Parker, Sr., suspensively appeals the dismissal of the petition to annul testament he filed against Defendants, Sheryl R. Parker, Tracie Y. Blanchette, Karen D. Parker, Curtis J. Parker, Jr., and Joy N. Parker, individually and as Independent Executrix of the Succession of Betty Jean Parker, pursuant to the trial court's grant of Defendants' motion for directed verdict. The trial court entered judgment dismissing, with prejudice, Plaintiff's petition to annul testament when his counsel was absent on the day of trial. Plaintiff challenges the dismissal, arguing that he, though present at trial, was denied due process of law. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Curtis J. Parker, Sr., alleges that his wife, Betty Jean Parker, died intestate on February 5, 2014. Defendants claim that Betty Jean Parker validly executed a last will and testament prior to her demise.[1] The present appeal, however, centers on the trial court's dismissal of Plaintiff's petition to annul testament,[2] with prejudice.[3]

This matter was set for trial on November 12, 2014. When court convened on the date of trial, Plaintiff was present; however, his counsel, Wilford Carter,

---

[1]Plaintiff, Curtis J. Parker, Sr., petitioned for appointment of an administrator in the succession of his deceased wife, Betty Jean Parker under docket number 53,782. Defendant, Joy N. Parker, petitioned to be appointed the executrix of her mother's succession under docket number 53,794.

[2]Curtis J. Parker, Sr., disputes the validity of the purported last will and testament of Betty Jean Parker, which is dated January 12, 2014, alleging mental incapacity and physical infirmity.

[3]"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial." La.Code Civ.P. art. 1673.

was not. Defendants moved for and were granted a directed verdict.[4] Plaintiff sought a new trial, which was also denied. Plaintiff has filed a suspensive appeal.

## ASSIGNMENTS OF ERROR

Plaintiff raises the following assignments of error:

1. The trial court erred in denying [his] Motion for Continuance submitted to the court between October 23, 2014[,] and October 27, 2014.

2. The trial court erred in denying [his] Motion for Continuance submitted to the court on or about November 7, 2014.

3. The trial court erred in denying [him] due process of law.

4. The trial court erred in granting a directed verdict, with prejudice, in this case.

5. The trial court erred in denying [his] Motion for New Trial.

## LAW AND DISCUSSION

In assignments of error numbered three and four, Plaintiff argues that he was denied due process of law when the trial court granted Defendants' request for directed verdict and dismissed, with prejudice, his petition to annul testament. We address this issue first, since a finding of merit would preclude the necessity of considering the remaining assignments of error.

Due process of law is guaranteed by the Fourteenth Amendment to the United States Constitution, which restricts the government from depriving a person of the right to be heard. The Fourteenth Amendment to the United States Constitution provides in pertinent part, "nor shall any state deprive any person of life, liberty, or property, without due process of law." The 1974 Louisiana

---

[4]Although a directed verdict was advanced by Defendants and granted by the trial court, we note that the appropriate procedural device is an involuntary dismissal pursuant to La.Code Civ.P. art. 1672. A directed verdict, pursuant to La.Code Civ.P. art. 1810, is the procedural device that is used after the close of evidence in a jury trial. *See Bonnet v. Lafayette Parish Sheriff's Office*, 11-676 (La.App. 3 Cir. 11/9/11), 80 So.3d 32.

Constitution Article 1, § 2 echoes this provision. Louisiana Constitution Article 1, § 2 provides "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

Plaintiff contends that due process was denied when "he was denied his day in court." He alleges that he was not given "an opportunity to present his case in the absence of counsel[.]" Considering the record before us, we find merit in Plaintiff's contention.

The record before us confirms that Plaintiff was present in the courtroom on November 12, 2014—both the transcript and the judgment reflect this fact. It is also clear that Plaintiff's counsel, Wilford Carter, though in the courthouse, was not present in the courtroom. After Mr. Carter's absence was discussed in open court with Plaintiff present, Defense counsel stated: "Your Honor, in failing on the part of the plaintiff to move -- to proceed, we'd ask for a directed verdict failing to meet the burden of proof." The trial court granted Defendants' motion.

Pertinent to our review of this matter is whether Plaintiff was given any opportunity to be heard. Our examination indicates that he was not. The trial court summarily verified Plaintiff's presence, then entertained and granted Defendants' motion. The right of self-representation was never posed. Fairness and due process dictate that Plaintiff, who was present, should have been informed of the impending consequences sought by Defendants, and he should have been given the opportunity of self-representation, affording him the opportunity to have his claim heard. "Our courts have recognized the right of litigants in civil proceedings to represent themselves in court." *Farrington v. Law Firm of Sessions, Fishman*, 96-1486, p. 3 (La. 2/25/97), 687 So.2d 997, 999. "The right of self-representation has been recognized even in criminal cases. *Faretta v. California*, 422 U.S. 806, 95

3

S.Ct. 2525, 45 L.Ed.2d 562 (1975)." *Green v. Gary Mem'l Hosp.*, 505 So.2d 196, 198 (La.App. 3 Cir. 1987). The opportunity to be heard must be granted in a meaningful manner. *See LaPointe v. Vermilion Parish Sch. Bd.*, 15-432 (La. 6/30/15), 173 So.3d 1152.

In this case, Plaintiff was penalized for his counsel's absence in the strictest manner—dismissal, with prejudice, of his claim. This does not constitute due process as mandated by the Fourteenth Amendment to the United States Constitution and Article 1, § 2 of the 1974 Louisiana Constitution. Consequently, we reverse the judgment of the trial court, and we remand this matter to the trial court for further proceedings consistent with this opinion.

## DECREE

For the foregoing reasons, we find that Mr. Parker's due process rights were violated because there is no proof in the record that he was given the opportunity to be heard at the November 12, 2014 trial. Accordingly, we reverse and remand for further proceedings consistent with this opinion. All costs of this appeal are assessed against Defendants/Appellees, Sheryl R. Parker, Tracie Y. Blanchette, Karen D. Parker, Curtis J. Parker, Jr., and Joy N. Parker, individually and as Independent Executrix of the Succession of Betty Jean Parker.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-463

CONSOLIDATED WITH

15-464

SUCCESSION OF BETTY JEAN PARKER

**Gremillion, J., concurs.**

I write separately because I find that the majority opinion does not adequately address the facts leading to the trial court's dismissal, nor does it address what the trial court should have done to properly deal with those facts.

Louisiana Code of Civil Procedure article 221 defines a "contempt of court" as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." That article also tells us that there are two kinds of contempt of court: direct and constructive.

The critical event in this matter was the November 12, 2014 trial. That trial date was agreed upon by all the parties. It was affirmed and reaffirmed by way of email exchanges among all the parties. Thereafter, the court formalized the date by both mailing and emailing notice to all the parties. Even after that, the court sent additional notices to the parties referencing the November 12, 2014 trial date.

On November 7, 2014, counsel for Curtis Parker, Sr., filed a Motion to Continue the trial, pledging to the court that he was required to be in another room in the same courthouse regarding a matter that had been fixed prior to the trial in this matter. The trial court, however, determined that this assertion on the part of counsel was false. Therefore, the trial court denied counsel's Motion to continue

the trial, and sent yet another notice thereby nailing down the November 12, 2014 trial date.

The trial court's "per curiam" indicates that on the morning of trial, counsel, Mr. Wilford Carter, sat idly in another courtroom in the same building and refused to even make an appearance in this courtroom, even when expressly ordered to do so by the trial court, and even when a bailiff instructed Mr. Carter that his client's matter was going to proceed with or without him.

Mr. Carter was clearly in contempt of court. He clearly interfered with the orderly administration of justice, and his actions were calculated to impair the dignity of the court and show disdain, rather than respect, for its authority.

Louisiana Revised Statute 13:4611 lays out the punishment for contempt of court. For an attorney at law such as Mr. Carter, he could have been fined up to $100 or imprisoned for up to 24 hours. This is the punishment that should have been meted out to him. His client's case should not have been dismissed.

To utterly refuse to even enter the courtroom while his client's trial is being conducted is unconscionable. To refuse to enter that courtroom to spite the trial judge is contemptible.