GENOVESE, Judge.
|, Plaintiff, Curtis J. Parker, Sr., suspen-sively appeals the dismissal of the petition to annul testament he filed against Defendants, Sheryl R. Parker, Tracie Y. Blan-chette, Karen D. Parker, Curtis J. Parker, Jr., and Joy N. Parker, individually and as Independent Executrix of the Succession of Betty Jean Parker, pursuant to the trial court’s grant of Defendants’ motion for directed verdict. The trial court entered judgment dismissing, with prejudice, Plaintiffs petition to annul testament when his counsel was absent on the day of trial. Plaintiff challenges the dismissal, arguing that he, though present at trial, was denied due process of law. For the following reasons, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Curtis J. Parker, Sr., alleges that his wife, Betty Jean Parker, died intestate on February 5, 2014. Defendants claim that Betty Jean Parker validly executed a last will and testament prior to her demise.[1] The present appeal, however, centers on the trial court’s dismissal of Plaintiffs petition to annul testament,[2] with prejudice.[3]
This matter was set for trial on November 12, 2014. When court convened on the date of trial, Plaintiff was present; however, his counsel, Wilford Carter, |2was not. Defendants moved for and were granted a directed verdict.[4] Plaintiff sought a new trial, which was also denied. Plaintiff has filed a suspensive appeal.
*779 ASSIGNMENTS OF ERROR
Plaintiff raises the following assignments of error:
1. The trial court erred in denying [his] Motion for Continuance submitted to the court between October 23, 2014[,] and October 27,2014.
2. The trial court erred in denying [his] Motion for Continuance submitted to the court on or about November 7, 2014.
3. The trial court erred in denying [him] due process of law.
4. The trial court erred in granting a directed verdict, with prejudice, in this case.
5. The trial court erred in denying [his] Motion for New Trial.
LAW AND DISCUSSION
In assignments of error numbered three and four, Plaintiff argues that he was denied due process of law when the trial court granted Defendants’ request for directed verdict and dismissed, with prejudice, his petition to annul testament. We address this issue first, since a finding of merit would preclude the necessity of considering the remaining assignments of error.
Due process of law is guaranteed by the Fourteenth Amendment to the United States Constitútion, which restricts the government from depriving a person of the right to be heard. The Fourteenth Amendment to the United States Constitution provides in pertinent part, “nor shall any state deprive any person of life, liberty, or property, without due process of law.” The 1974 Louisiana [¡¡Constitution Article 1, § 2 echoes this provision. Louisiana Constitution Article 1, § 2 provides “[n]o person shall be deprived of life, liberty, or property, except by due process of law.”
Plaintiff contends that due process was denied when “he was denied his day in court.” He alleges that he was not given “an opportunity to present his case in the absence of counsel[.J” Considering the record before us, we find, merit in Plaintiffs contention.
The record before us confirms that Plaintiff was present in the courtroom on November 12, 2014—both the transcript and the judgment reflect this fact. It is also clear that Plaintiffs counsel, Wilford Carter, though in the courthouse, was not present in the courtroom. After Mr. Carter’s absence was discussed in open court with Plaintiff present, Defense counsel stated: “Your Honor, in failing on the part of the plaintiff to move—to proceed, we’d ask for a directed verdict failing to meet the burden of proof.” The trial court granted Defendants’ motion.
Pertinent to our review of this matter is whether Plaintiff was given any opportunity to be heard. Our- examination indicates that he was not. The trial court summarily verified Plaintiffs presence, then entertained and granted Defendants’ motion. The right of self-representation was never posed. Fairness and due process dictate that Plaintiff, who was present, should have been informed of the impending consequences sought by Defendants, and he should have been given the opportunity of self-representation, affording him the opportunity to have his claim heard. “Our courts have recognized the right of litigants in civil proceedings to represent themselves in court.” Farrington v. Law Firm of Sessions, Fishman, 96-1486, p. 3 (La.2/25/97), 687 So.2d 997, 999. “The right of self-representation has been recognized even in criminal cases. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).” Green v. Gary Mem’l Hosp., 505 So.2d 196, 198 (La.App. ,3 Cir,1987). The oppor *780 tunity to be heard must be granted in a meaningful manner. See LaPointe v. Vermilion Parish Sch. Bd., 15-432 (La.6/30/15), 173 So.3d 1152.
In this case, Plaintiff was penalized for his counsel’s absence in the strictest manner—dismissal, with prejudice, of his claim. This does not constitute due process as mandated by the Fourteenth Amendment to the United States Constitution and Article 1, § 2 of the 1974 Louisiana Constitution. Consequently, we reverse the judgment of the trial court, and we remand this matter to the trial court for further proceedings consistent with this opinion.
DECREE
For the foregoing reasons, we find that Mr. Parker’s due process rights were violated because there is no proof in the record that he was given the opportunity to be heard at the November 12, 2014 trial. Accordingly, we reverse and remand for further proceedings consistent with this opinion. All costs of this appeal are assessed against Defendants/Appellees, Sheryl R. Parker, Trade Y. Blanchette, Karen D. Parker, Curtis J. Parker, Jr., and Joy N. Parker, individually and as Independent Executrix of the Succession of Betty Jean Parker.
REVERSED AND REMANDED.
GREMILLION, J., concurs and assigns written reasons.

. Plaintiff, Curtis J. Parker, Sr., petitioned for appointment of an administrator in the succession of his deceased wife, Betty Jean Parker under docket number 53,782. Defendant, Joy N. Parker, petitioned to be appointed the executrix of her mother’s succession under docket number 53,794.

. Curtis J. Parker, Sr„ disputes the validity of the purported last will and testament of Betty Jean Parker, which is dated January 12, 2014, alleging mental incapacity and physical infirmity.

. "A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” La.Code Civ.P. art. 1673.

.Although a directed verdict was advanced by Defendants and granted by the trial court, we note that the appropriate procedural device is an involuntary dismissal pursuant to La.Code Civ.P. art. 1672. A directed verdict, pursuant to La.Code Civ.P. art. 1810, is the procedural device that is used after the close of evidence in a jury trial. See Bonnet v. Lafayette Parish Sheriff's Office, 11-676 (La. App. 3 Cir. 11/9/11), 80 So.3d 32.